Appeal of THE WALKER-CRIM                    Docket No. 446.
          CO., INC.

Net income of the taxpayer corporation is to be computed as set forth in the opinion.

Submitted January 20, 1925; decided February 13, 1925.

*H. A. Heilman, Esq.*, for the taxpayer.

*John D. Foley, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before STERNHAGEN, TRAMMELL, and TRUSSELL.

The appeal is from an asserted deficiency in income and profits tax of $1,954.26 for the fiscal year ended January 31, 1920, as set forth in a notice from the Commissioner to the taxpayer dated August 11, 1924. It involves a dispute as to computation.

### FINDINGS OF FACT.

The taxpayer is a corporation organized as of January 31, 1918. At that time it took over the business of a partnership to which it issued its capital stock of $20,000 in exchange for assets having a book value of $36,239.93 subject to liabilities of $21,433.38, leaving a net worth of $14,806.55.

The business was conducted upon certain real estate which was carried on the partnership books at a value of $40,000, subject to a mortgage of $29,000. This real estate was not transferred to the corporation.

In a report dated December 5, 1923, an examining revenue agent, reporting upon the liability of the taxpayer for the year ended January 31, 1919, made the following adjustments:

(1) In computing invested capital he applied section 331 of the Revenue Act of 1918. The net worth of the assets originally received by the corporation being, as aforesaid, $14,806.55, for which $20,000 of capital stock was issued, he eliminated the difference representing appreciation of $5,193.45 by subtracting this amount from the capital stock of $20,000. Instead of making this adjustment by reference to the opening balance sheet of the corporation he substituted the closing balance sheet of the partnership, and used this partnership balance sheet as the basis of all subsequent adjustments.

(2) At the close of the taxable year, since there was no longer a balance sheet of the partnership, he used the closing balance sheet of the corporation, from which he undertook to deduct the items of appreciation aggregating $5,193.45 aforesaid. This aggregate sum he found it impossible to allocate to specific assets and was able only to identify items of appreciation amounting to $1,885.52. The remaining appreciation amounting to $3,307.93 he accounted for by adding it to income and in this way reconciling his surplus. Thus, of the amount of $5,193.45 appreciation, he had, at the close of the first fiscal year, eliminated $1,885.52 from assets and added $3,307.93 to surplus through income.

(3) He also adjusted income by adding an item of $381.96 and deducting an item of $1,175.74, neither of which items is in dispute. This net deduction of $793.78 had the effect, when applied to the above addition of $3,307.93, of increasing net income by the amount of $2,514.15 and arriving at a so-called corrected net income for the fiscal year ended January 31, 1919, of $7,048.79.

Subsequently, on March 5, 1924, another report of a revenue agent recommended the allowance of a deduction from net income of $4,200 for rent accrued by the corporation for the use of the business premises above mentioned. This deduction would have reduced taxable net income for the fiscal year 1919 to $2,848.79 and resulted in an overassessment. No final action appears to have been taken by the Commissioner in respect of this year.

In respect of the fiscal year ended January 31, 1920, the taxpayer returned net income of $5,300.74. The first revenue agent's report above mentioned, of December 5, 1923, disallowed a deduction for rent of $3,535. It also added to income the remaining appreciation aggregating $1,885.52 which had been specifically allocated as aforesaid and an amortization adjustment of $55 not now disputed. The

total adjustment was an addition to net income for the fiscal year ended January 31, 1920, of $5,475.52, resulting in a net income of $10,776.26.

In the meantime, on October 27, 1923, the Commissioner made an office audit of the taxpayer's return in which he made the following adjustments:

(1) He discovered an apparent discrepancy between the closing and opening inventories of this year and added to income the sum of $15,207.86.

(2) He disallowed rent expense of $3,535.

(3) He disallowed what he took to be excessive depreciation upon the building above mentioned, which did not belong to the taxpayer and upon which depreciation apparently was not claimed, in the sum of $3,994.53. The item which he took to be a depreciation item was $5,002.63, of which he allowed as depreciation $1,008.10, with the net result above mentioned.

A total of all these adjustments to income in the letter of October 27, 1923, was an addition of $22,737.39, and when added to the original net income of $5,300.74, the total net income as set forth in such letter was $28,038.13.

Under date of March 29, 1924, the Bureau reversed its inventory adjustment above mentioned in the sum of $15,207.86, added the two adjustments not theretofore made, as set forth in the report of the revenue agent of December 5, 1923, namely $1,885.52 and $55, making a net deduction from income theretofore determined in the sum of $13,267.34, and leaving the adjusted net income for the year in question as per the office letter of March 29, 1924, in the sum of $14,770.79.

Thereafter, the Commissioner sent the taxpayer the deficiency letter under date of August 11, 1924, in which a further adjustment was made whereby the taxpayer was allowed the deduction of $3,535 on account of rent, the net income as set forth in letter of August 11, 1924, being $11,235.79.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final decision will be settled on consent or on 10 days' notice in accordance with Rule 50.

### OPINION.

STERNHAGEN: The taxpayer has by its pleadings set up the claim to the offset on account of overpayment of tax for the year 1919 as against the additional tax for the year 1920. This he may do as we have heretofore decided in *Appeal of Hickory Spinning Co.*, 1 B. T. A. 409.

The examining revenue agent and the Commissioner, following his action, have erred in adding to net income any sum of appreciation of assets in connection with the transfer of the partnership property to the corporation. Section 331 of the Revenue Act of 1918 provides that the invested capital of the corporation may not include such appreciation but it does not affect such appreciation for other purposes. It is nowhere provided that such appreciation

may become income to the successor corporation. While, therefore, it is clear that the taxpayer's invested capital both for the year 1919 and for the year 1920 must exclude the appreciation of $5,-193.45, this exclusion should not be reflected in income.

It follows that the adjustments heretofore made by the Commissioner for the year 1919 in income are erroneous in part. The adjustment on account of the inventory of tool steel in the sum of $381.96 added to income should stand. The adjustment on account of amortization in the sum of $1,175.74 deducted from income should also stand, as should the rent adjustment of $4,200. As a result of these adjustments the net income of the taxpayer reported at $4,534.64 becomes for the year a net loss in the sum of $459.14, and the entire amount of tax assessed and paid for the year 1919 in the amount of $304.16 should be applied as a credit against the tax determined for the year ended January 31, 1920.

With respect to the year 1920 the invested capital should be decreased below the $20,000 of capital stock by the sum of $5,193.45, as above set forth.

The net income for the year 1920 should be adjusted as follows: To the net income reported by the taxpayer of $5,300.74 should be added the adjustment on account of amortized property of $55.